Let's move to 22-1761 United States v. America v. Zhe Zhang. Good morning, your honors. Jason Sir, on behalf of Mr. Zhang, the appellant, I see my clock has started, so I don't need to remind anyone. And you've reserved one minute for rebuttal. Yes, your honor. Thank you very much. Your honor, the district court committed legal error in this case when it categorically held as a matter of law, but the weight of the evidence factor is one of the most important factors to consider. And I know I hate to interrupt you, but because you have a short amount of time, could you address the fact that the judge said that even if it had not so concluded, it still would have reached the same decision? So why are we arguing about this legal point? That was my very first section after my introduction. Why don't we move there first? All right, so I will move there. Let me highlight this. Let me preface it by saying this. Obviously, applying an incorrect legal standard is clear error, and that's what we believe happened here. And the government's argument is that this alternate holding somehow rescues and clears the detention order of any legal deficiencies, but the government's argument is not correct. It is true the district court stated, quote, I would reach the same result were I to give less weight to this factor, unquote, and that's at page five of Judge Ammon's order. But this doesn't cure the error. It's not an alternate basis for any affirmance, and this is why. The court says it would detain even if it were to give less weight to the weight of the evidence factor, but this court has to keep in mind that the district court started from the wrong baseline by initially concluding categorically that the weight of the evidence is one of the most important or more important factors. Right, but then when the judge says then putting that aside, I would still agree. We do that all the time, right? We issue alternate holdings. We say there was no error. Even if there had been error, it would have been harmless. We presume that a judge means it when they say it. May I also ask you to point me to where Judge Ammon said it was the most important factor? At page five, I've seen where she says that she concludes that the weight of the evidence is an important factor, and she does reject your argument that it's the least important of the various factors, but help me out. Sure. She says she agrees with the statement in English, and the statement in English quoted, I believe, Judge McMahon. It wasn't part of the holding in English. It wasn't argued, briefed, or taken. Right. It says one of the most important factors. Right. Well, I don't know what that means when it's one of the most important factors. It says there are, it translates to there are a number of important factors, and it's one of them. Judge Ammon then in the end says it's an important factor, and indeed, if the evidence were weak, I don't think you would be disputing that you would want a judge to treat it as an important factor, that the government had a very, very weak case against a defendant. But go ahead and, that's what you're relying on, that she quotes English, and then she herself says it's an important factor. Correct, Your Honor. And your argument for why it's not an important factor is because you think it comes up against the presumption of innocence. Is that right? It comes up against two things. One, it's a court's fidelity to the presumption of innocence, which is codified in the Bail Reform Act at 3142J, which specifically says nothing in this section shall be construed as modifying or limited the presumption of innocence. Although the statute also is the source of the district court's obligation to consider the weight of the evidence. No question, it's one of the factors that has to be considered. The question is, was the district court wrong when it said it's a more important factor? Obviously, when she says that- Because we in the Supreme Court have precedent that says that the presumption is a trial presumption. And for instance, in Cascadas, we said it has no bearing on pretrial issues such as the grander denial of bail. We repeated that in 2000 in Dillard. It has no applicability to pretrial bail determination. So I'm trying to reconcile your argument with that precedent. Well, my response would be two things. And, Your Honor, I haven't forgotten about your question. I'll get to the answer in a moment. First, that would render superfluous and meaningless 3142J. And obviously, the court can't read out of- No, it wouldn't. No. I mean, what if the district court were to allow its finding that there was a strong showing of guilt at the bail hearing, allow that finding to be introduced at trial to the jury? That would undermine the presumption of innocence, right? Right. So that would simply could be viewed as reinforcement of the fact that what happens in bail hearings stays in bail hearings. Well, that makes sense. But I think by putting it in 3142J, especially given the history of law, which makes clear that the presumption applies from charge through trial, that it would also apply in the context of a bail reform. So what does it mean in your proceeding? I'm sorry. Please. Then what does it mean when the statute says you can consider the weight of the evidence? It means you can consider the weight of the evidence. But as courts within our circuit, district courts, and then other circuit courts around the country have said, based on the presumption and a secondary need to avoid weighing the evidence such that there's a belief of guilt, which would in substance create detention, make detention punishment. The courts have said that we have to take a special approach to the weight of the evidence problem. What is this special? I don't even understand. I mean, just let's get practical, right? The government shows up at a detention hearing and says the defendant has been indicted for murder. And the court says, what's your evidence to show that he actually murdered the person? And the government says, we really don't have anything, Your Honor. And then the other one, in the parallel courtroom next door, the same situation, the government comes forward and says, well, I have six videotapes and 25 eyewitnesses that all show the defendant stabbing the victim, the murder victim. Are you really saying that the difference between the two should not be accorded much relevance? I think what Your Honor refers to is a factual analysis. But before we can even get to the factual analysis, the question is, what was the legal framework that was applied? That's what I'm asking. Why is it legally, conceptually inappropriate to consider the vast difference in the weight of the evidence between those two scenarios? But that's a factual determination. Right. And what's the problem with that? Well, that's not the issue in our case. Well, answer my question first. What is conceptually the problem with that? Well, the court has discretion, obviously, to weigh the facts, but it presumes it applies the legal framework correctly and has the proper standard in mind when it's doing that. And by using this heightened standard that this weight of the evidence is a more important factor, it now inflates even in a case where you have less evidence. What do you mean more important? And this goes back to Judge Ranji's question. Where did the judge say this is a more important factor? She said it's an important factor. It's an important factor. Where did she say it's more important than some of the other factors? Where did the judge say that? She relies on English. And by relying on English, but she says she agrees. She said other courts dispute this. Right. She did not say I agree with English. She says you have argued one thing. Other courts dispute it. She never said I agree with it. She says I agree with the district court in English that the weight of the evidence is an important factor. That's in the second to last sentence. Right. An important factor. Right. An important factor. So, clearly, whether it's an important factor or one of the more important factors, regardless of which verbiage we choose, it's clear that it's standing differently from the remainder of the 3142G factors. Now, Your Honor, if I could just end my time. I want to answer your question. I'll give you 15 seconds. I want to answer your question. So less weight here is vague and unclear because it means less weight from the district court's elevated starting point. Right. Because it's starting at this higher point in terms of regardless of whether it's one of the more important factors or an important factor, starting from either of those. Right. And then she says I would give it if I gave it less weight. We don't know what that means. Certainly, I don't think it's equivalent to stating that the weight of the evidence is among the least important factors or even that it's equivalent to the other factors. So by starting at this elevated level, saying she'll give it less weight really doesn't help us assess. She never says that. She never says she's giving it less weight than any other factor that was urged. She was presented with an argument that it should be the least important factor, and she said I don't agree with that. Right. But the characterization of I'll give it less weight in context means relative to her baseline. Then where she started from. What factor do you think she should have given more weight to? I'm not saying she should have given any more weight to any other factor. Our issue is that she gave too much weight to the weight of the evidence factor. Well, it seems to me that the way the Bail Reform Act works is it gives the district court a number of factors to consider. I mean, the fact that someone has strong ties in the United States might be more relevant in one case than in another and bear more weight. The nature of the evidence, I don't know how you can complicitly suggest that that isn't one of the more important factors, given that it so informs the likelihood that the defendant will remain present to answer the charges. I mean, obviously, if the government's case is entirely circumstantial or based on suspect evidence, the defendant has a greater incentive to stand trial and put the government to its burden than if they have the six videotapes and 25 eyewitnesses seeing the stabbing. That person is more likely to flee. How can you tell us that a district judge can't consider this an important factor? The court can weigh the evidence and find the evidence to be important, but the issue here is whether the legal framework underlying that factual analysis was correct and at the starting point. It seems to me you're looking for an error where there is none, because this conclusion that Judge Ammon reaches about it being an important factor is after she reviews the evidence and says it's a strong case. So it's not like she just started with this presumption that you're urging. She started with the evidence, then said, and you can't minimize this factor the way the defense urged her to. I mean, I'm having trouble seeing what the error is. Your Honor, respectfully, we disagree with that interpretation of the court's statement. We think it's a blanket characterization of the problem. Did anybody suggest to the judge at the conclusion here that she had applied the wrong legal standard? I don't believe there was any argument in that regard, Your Honor. How does that affect your ability to raise it on appeal? Well, I think this court can look for clear error. It's an over-review. So clear error. Okay. Okay, I think we understand your position, and you've reserved a minute for rebuttal. Why don't we hear from the government? Mr. Park? Good morning. May it please the Court, my name is Gabriel Park, and I'm an assistant U.S. attorney for the Eastern District of New York, and I also represent the government in bill proceedings. Addressing my adversary's argument here specific to the point whether the district court made a legal error, that is incorrect because there is no binding legal authority that required the district court to consider this as a relatively less important factor, various factors among the 3142 factors. Can I ask you, Mr. Park, we're operating under the statute, right? We're operating under 3142. Does the statute create a hierarchy among the various considerations that it instructs the district court to consider? No, Your Honor, it does not, and it is just merely one of the four factors that are presented in the statute, and it requires the district court to consider. And I think what the appellant is referring to when he's talking about this various case law that have mentioned that this weight of the evidence factor is the least important of the various factors, these courts are just mindful that the district court was not presuming the defendant's guilt and then de facto sentencing the defendant prior to this person having his or her day in court. If you look at Judge Ammon's written opinion, it's clear that that was not the case. In fact, Judge Ammon specifically mentioned that she's not finding, prematurely finding the defendant's guilt here, but that the strong weight of the evidence against the defendant, you know, was giving the increased probability of conviction, which goes to the increased risk of flight. So that's an appropriate consideration, even in the Botemini, the Ninth Circuit case that the appellant relies on, is that, is mindful of not giving undue weight to this factor, presuming a defendant's guilt. That certainly did not happen here. And as Your Honor alluded to, the Judge Ammon also weighing and recognizing these different and varying views about the weight of the evidence factor demands, she even ruled that, or she found that, even if she were to give the level of importance that the appellant is seeking in this case, that she still would have denied the application. So in summary, even if you were to, even this court reminds this matter back to the district court, the district court has already addressed and ruled on this particular issue. So this matter really is factually moot. And unless the court has any other questions, I'll rest on the brief. Thank you very much. Thank you. Mr. Sirwill here, you have reserved one minute for rebuttal, and we're going to keep you to that time. I appreciate that, Your Honor. Just two small points. The court obviously issued the opinion, and we have that written order. What the court didn't say is that it was giving the weight of the evidence factor, treating it as the least important factor. So even though the court says if it were to give it less weight in the alternate, that's not what that necessarily meant. And even if this court finds that there's no hierarchy among the 3142G factors, we still have error here that necessitates a remand for a new bail hearing because, again, she started at that elevated level, and then by saying less weight, it's unclear how far down she was going from that elevated level, that benchmark, and whether or not she was still in excess, so to speak, of those remaining 3142G factors. Thank you very much, Your Honors. Thank you to both counsel. We will take the matter under advisement.